**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANDRE D. THOMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-CV-628 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

### **Background**

On April 25, 2017, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Thompson*, No. 4:16-CR-355-RLW-1 (E.D. Mo. Aug. 10, 2016). On April 26, 2018, the Court sentenced movant to a term of 62 months' imprisonment and two years of supervised release. Movant did not appeal.

On August 2, 2019, movant filed a pro se document construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Thompson v. United States,* No. 4:19-CV-2310 RLW (E.D.Mo). On April 20, 2019, the Court found the motion defective because it had not been signed by movant and it had not been drafted on a Court form, as required by local and federal rules. The Court ordered movant to file a signed, amended motion with the Court, which movant did on September 5, 2019. In his amended motion to vacate, movant asserted one ground for relief: that his conviction under 18 U.S.C. § 922(g)(1) was unconstitutional.

Because his motion to vacate appeared to be untimely, on the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. Movant responded to the Court Order to Show Cause on October 17, 2019. After reviewing movant's assertions in their entirety, the Court dismissed movant's motion to vacate as time-barred on November 5, 2019. *Id.* Movant failed to appeal the judgment.

On May 5, 2020, movant placed the instant motion to vacate, brought pursuant to 28 U.S.C. § 2255, in the prison mailing system at the Federal Correctional Institution at Terre Haute, Indiana. In his motion, movant asserts that a new Supreme Court case allows for a challenge to his conviction.[1]

## Discussion

In the instant motion, movant asserts that the recent Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), allows for a new challenge to his conviction and sentence. He asserts also asserts that he is actually innocent of his crimes under *Rehaif*.

The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S.Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element."

---

[1] Movant also asserts that his guilty plea was not knowing or voluntary because he has a learning disability and ADHD. Movant was represented by counsel in his criminal proceedings, and he testified, under oath, at the guilty plea hearing, that his plea was both knowing and voluntary. *United States v. Thompson*, No. 4:16CR355 RLW (E.D.MO), Docket No. 57, April 25, 2017.

The Court has reviewed movant's Presentence Report and there is no indication that he was "illegally or unlawfully in the United States." Rather, he was reportedly born in St. Louis, Missouri. Moreover, by pleading guilty to being in possession of a firearm, movant admitted he was "knowingly" in possession of a firearm. Therefore, there is no indication that the recent Supreme Court case of *Rehaif* applies to him.[2]

Regardless, this Court is bound by the jurisdictional requirements in 28 U.S.C. § 2244(a) and § 2255(h). District courts may not entertain a second or successive motions to vacate unless they have first been certified by the court of appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief and this action must be denied and dismissed. Furthermore, no certificate of appealability shall issue.

Accordingly,

**IT IS HEREBY ORDERED** that that movant's motion to vacate, set aside or correct sentence [Doc. #1] is **DENIED AND DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 27th day of May, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that there is no indication that *Rehaif v. United States*, 139 S.Ct. 2191 (2019) was made retroactively applicable on collateral review. *See Teague v. Lane,* 489 U.S. 288, 303 (1989).